CLD-183

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3859

DEVEARL L. BACON,
    Appellant

v.

WARDEN CARROLL; DEPUTY WARDEN MCGUIGAN; JOE HUDSON;
LT. CARROTHERS; LT. LEGATES; LT. BOONE; LT. PROFACI;
LT. FORBES; SGT. SNEAD; C.M.S; F.C.M; DOCTOR TAMMY KASTRE

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 06-cv-00267)
District Judge: Honorable Joseph J. Farnan, Jr.

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6

March 29, 2007

BEFORE: RENDELL, SMITH and JORDAN, CIRCUIT JUDGES

**JUDGMENT**

This cause came on to be heard on the record from the United States District Court for the District of Delaware and was submitted for possible dismissal under 28 U.S.C. §1915(e)(2)(B). On consideration whereof, it is now here

ORDERED AND ADJUDGED by this Court that the appeal is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). All of the above in accordance with the opinion of this Court.

ATTEST:

/s/Marcia M. Waldron
Clerk

DATED: April 30, 2007



A True Copy:

Marcia M. Waldron, Clerk

Certified as a true copy and issued in lieu
of a formal mandate on 5/22/07      TMM

Teste:
Clerk, U.S. Court of Appeals for the Third Circuit

CLD-183                                                                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3859
_____

DEVEARL L. BACON,
                Appellant

v.

WARDEN CARROLL; DEPUTY WARDEN MCGUIGAN; JOE HUDSON;
LT. CARROTHERS; LT. LEGATES; LT. BOONE; LT. PROFACI;
LT. FORBES; SGT. SNEAD; C.M.S; F.C.M; DOCTOR TAMMY KASTRE
_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 06-cv-00267)
District Judge: Honorable Joseph J. Farnan, Jr.
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
March 29, 2007

BEFORE: RENDELL, SMITH and JORDAN, CIRCUIT JUDGES

(Filed  April 30, 2007 )

_____

OPINION
_____

PER CURIAM

      Devearl L. Bacon, a state prison proceeding pro se, appeals from the District

Court's order dismissing his in forma pauperis civil rights complaint filed pursuant to 42

U.S.C. § 1983. Bacon alleged that he injured his back when he slipped and fell on a wet floor as he was leaving the dining hall at the Delaware Correctional Center. Bacon claims that the wet spot was caused by water "coming from a[n] outgoing sewage pipe" in the ceiling. He was taken to the nurse's office, where he was examined and given Ibuprofen. The pain persisted, however, and Bacon filed several "sick-call slips" requesting additional treatment. During this period, Bacon was seen by a physician who stated that Bacon had swelling in his lower back and a sprain. Approximately nine months after he fell, an x-ray of Bacon's back was performed.

In his compliant, Bacon alleged that prison officials and health care providers violated his constitutional rights by failing to warn him of the wet floor, to administer adequate medical treatment, and to provide him with x-rays of his back and photographs of the hazardous area. By order entered July 28, 2006, the United States District Court for the District of Delaware dismissed the complaint pursuant to 28 U.S.C §§ 1915(e)(2)(B) and 1915A(b)(1), because Bacon failed to state a claim upon which relief may be granted. Bacon appealed. Upon consideration of the record on appeal, we conclude that the District Court properly dismissed the complaint.[1] Therefore, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1] A District Court has discretion to decline to exercise supplemental jurisdiction over state law claims if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. 1367(c)(3). Given that the District Court properly dismissed Bacon's claims under federal law, it plainly acted within its discretion in declining to hear his claims asserted under state law. See Maio v. Aetna, Inc., 221 F.3d 472, 480 n.6 (3d Cir. 2000).

Prison officials must provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter, and medical care. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). A prison official violates the Eighth Amendment when the prison official is deliberately indifferent to inmate health or safety and when this act or omission results in the denial of "the minimal civilized measure of life's necessities." See id. at 834. Therefore, a prison official can be held liable under the Eighth Amendment for denying humane conditions of confinement if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. See id. at 847. Claims of negligence, without a more culpable state of mind, do not constitute "deliberate indifference." See Singletary v. Pennsylvania Dept. Of Corrections, 266 F.3d 186, 193 n.2 (3d Cir. 2001). Although a wet floor may pose a substantial risk, Bacon's allegations do not reflect the deliberate indifference required to impose liability under the Eighth Amendment. Because we agree with the District Court that Bacon's claim amounts merely to negligence, his allegations regarding the wet floor are not actionable under § 1983.

The Eighth Amendment's prohibition of cruel and unusual punishment requires prison officials to provide basic medical treatment to inmates. Estelle v. Gamble, 429 U.S. 97, 103 (1976); Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). Because we can assume for purposes of our analysis that Bacon's injuries presented an objectively serious medical condition, we focus upon whether the conduct of the prison health care providers amounted to deliberate indifference. We have found deliberate indifference

where a prison official: 1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; 2) delays necessary medical treatment for non-medical reasons; or 3) prevents a prisoner from receiving needed or recommended treatment. See Rouse, 182 F.3d at 197.

The District Court concluded that Bacon's allegations concerning the treatment he received for his injuries did not rise to the level necessary to state an Eighth Amendment claim. We agree. Bacon's complaint and the attached exhibits reveal that, after falling on May 1, 2004, he was taken by wheelchair to the nurse's office where he was provided with pain medication. On May 15, 2004, Bacon was examined by a doctor who stated that he had swelling in his lower back and a sprain. An x-ray of Bacon's back taken on February 11, 2005, apparently revealed no abnormalities. Although Bacon would have preferred a different course of treatment, his preference does not establish a cause of action. See Inmates of Allegheny Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (courts will "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . (which) remains a question of sound professional judgment." (citations omitted)). Accordingly, because Bacon has not adequately alleged that the treatment of his injuries was a result of deliberate indifference, he has failed to state a claim under the Eighth Amendment.

Bacon also claimed that the prison officials improperly rejected his requests to obtain evidence related to his fall, such as the x-rays of his back and photographs of the hazardous area, which he "depended on for use [at] plaintiff's trial." Prisoners have a

right of access to the courts.  See <u>Lewis v. Casey</u>, 518 U.S. 343 (1996).  Importantly, however, where an inmate does not allege an actual injury to his ability to litigate a claim, his constitutional right of access to the courts has not been violated.  See <u>id.</u> at 352-53.  An actual injury is shown only where a nonfrivolous, arguable claim is lost.  See <u>Christopher v. Harbury</u>, 536 U.S. 403, 415 (2002).  Bacon has not demonstrated how the absence of the x-rays and photographs caused an actual injury to his ability to litigate his claims.  Indeed, there is no indication that the x-rays would support Bacon's claims or that photographs depicting leaking pipes and water on the floor would demonstrate that the prison officials were deliberately indifferent.

     Dismissal for failure to state a claim is appropriate when it is impossible for the plaintiff to prevail on the facts that he or she has alleged, and no amendment will cure the deficiency.  See <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002).  Because Bacon cannot prevail on any of his potential claims, even if permitted to amend, we shall dismiss his appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).